The Honorable John Paul Verkamp State Representative 1405 West Center Street Greenwood, Arkansas 72936-3405
Dear Representative Verkamp:
I am writing in response to your request for an opinion on A.C.A. §14-43-312. You relate the following facts and pose the following questions:
 The City of Greenwood is a city of the first class, which currently under existing state law, has aldermen serving two-year terms. The Arkansas legislature has recently adopted A.C.A. § 14-43-312, which authorizes a city, such as Greenwood, to modify its position and allow for four-year staggered terms, if voted in by the people. The question has arisen, however, if such method is selected by the voters, but later deemed undesirable, can the City revert back to the original two-year terms? Section 14-43-312 does not appear to address that issue. If your opinion is in the affirmative, then what procedure would the City utilize to revert back to a two-year term? Would an election be required?
RESPONSE
As you have noted, the applicable statute does not specify any method for reverting back to two-year terms. I cannot conclude, therefore, that there is any current procedure for cities to undertake that action.
The relevant statute, which was recently amended by Act 244 of 2003, provides as follows:
 (a)(1) On the Tuesday following the first Monday in November 1966, and every two (2) years thereafter, the qualified voters of all cities of the first class having the mayor-council form of government with fewer than fifty thousand (50,000) inhabitants shall elect two (2) aldermen from each ward for a term of two (2) years, except that any city of the first class may, by ordinance, refer the question to voters to elect two (2) aldermen from each ward to four-year terms as more particularly set out in subdivision (a)(2)(A) of this section.
 (2)(A) Any city of the first class may, on or before February 1 of the election year when the procedure will go into effect, by ordinance referred to and approved by the voters at the previous general election or at a special election called for that purpose, elect two (2) aldermen from each ward to four-year terms, except for the initial terms as provided in subdivision (a)(2)(B) of this section.
 (B)(i) If this procedure is adopted by ordinance referred to and approved by the voters of the city, the alderman representing position number one from each ward will be elected to a four-year term at the next general election.
 (ii) The alderman representing position number two from each ward will be elected to an initial two-year term at the next election, and thereafter will be elected to four-year terms, resulting in staggered terms with one (1) alderman being elected to a four-year term from each ward every two (2) years.
 (b)(1) The county board of election commissioners shall designate the aldermen as alderman number 1 and alderman number 2.
 (2)(A) A candidate for the office of alderman shall designate the number of the alderman's office which the candidate is seeking at the time he or she files as a candidate for the office.
 (B) When this designation has been made, the candidate shall not be permitted thereafter to change the designation.
Although this statute clearly sets out a procedure for cities of the first class to opt four-year terms for aldermen, it does not provide a procedure for reverting back to two-year terms, once the ordinance has been approved by the voters.
As a general matter, when the city council refers an ordinance to the people for their approval or rejection, the procedure" shall be that as required by Arkansas Constitution, Amendment 7" governing initiative and referendum measures. A.C.A. § 14-54-301(c). The provisions of Amendment 7 state that measures approved by the people "shall [not] be amended or repealed . . . by any City Council, except upon a yea and nay vote on roll call of two-thirds of all the members elected to . . . the City Council. . . ." A question arises, therefore, as to whether the city council could, if four-year terms are later "deemed undesirable," simply repeal the referred ordinance by a two-thirds vote.
In my opinion this action would be problematic. If the ordinance is simply repealed, the repeal will likely be accomplished during a time when at least some council members are serving four-year terms. If the ordinance were simply repealed, the continued service in four-year terms would be legally unauthorized (i.e. no longer authorized by ordinance). If any attempt is made to cut short an existing four-year term, however, this is also problematic.
In my opinion, therefore, there is no current procedure to revert to two-year terms if four-year terms are later" deemed undesirable." Legislative clarification appears warranted.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh